UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| INNOVATIVE SPORTS MANAGEMENT, INC., | Case No. 5:24-cv-06103-PCP |
|---|---|
| Plaintiff, | **ORDER DENYING MOTON TO EXTEND TIME FOR SERVICE AND DISMISSING CASE** |
| v. | |
| SERGIO ROBLES HUAMAN, | Re: Dkt. No. 18 |
| Defendant. | |

Plaintiff Innovative Sports Management served defendant Sergio Robles Huaman after the deadline for doing so had passed. Innovative Sports Management now moves for an extension of time. For the following reasons, the motion is denied and the case is dismissed without prejudice.

After an action is commenced, a plaintiff must serve the complaint on the defendant within 90 days. Fed. R. Civ. P. 4(m). "If a defendant is not served within 90 days after the complaint is filed, the court … must dismiss the action without prejudice against that defendant or order that service be made within a specified time." *Id*. The deadline for service is intended to force parties and their attorneys to be diligent in prosecuting their case. *Fimbres v. United States*, 833 F.2d 138, 139 (9th Cir. 1987).

Rule 4(m) also provides that "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). "At a minimum, 'good cause' means excusable neglect." *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2013). Excusable neglect is an equitable determination based on at least four factors: "(1) the danger of prejudice to the opposing party; (2) the length of delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223–24 (9th Cir. 2000). In addition to excusable neglect, a plaintiff

may be required to show the following factors to bring the excuse to the level of good cause: "(a) the party to be served personally received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed." *Lemoge v. United States*, 587 F.3d 1188, 1198 n.3 (9th Cir. 2009) (quoting *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991)).

The complaint in this case was filed August 28, 2024. Huaman was served December 3, 2024. Accordingly, he was not served within 90 days of filing the complaint, as required by Rule 4(m). Innovative Sports Management made two prior attempts at service, both of which also occurred after the 90-day period had already passed. It offers no explanation for the delay. Innovative Sports Management has thus failed to show good cause or excusable neglect.

Accordingly, the Court denies Innovative Sports Management's motion to extend the time for service and dismisses this case without prejudice.

**IT IS SO ORDERED.**

Dated: January 17, 2025

P. Casey Pitts
United States District Judge